## In the United States District Court
## for the Western District of Pennsylvania

|                                           |   |
|-------------------------------------------|---|
| **WENDY J. SLOSS,**                       | ) |
|                                           | ) |
| *Plaintiff*                               | ) |
|                                           | ) |
|                                           | ) **Civil Action No. 07-344 Erie** |
|                                           | ) |
| **Michael J. Astrue,**                    | ) |
| **Commissioner of Social Security,**      | ) |
|                                           | ) |
| *Defendant*                               | ) |
|                                           | ) |

## MEMORANDUM OPINION

Pending before the Court are the parties' cross motions for summary judgment [Docs. ##
9 and 11] related to Plaintiff's claims for disability insurance benefits and supplemental security
income pursuant to §§ 405(g) and 1383(c)(3) of the Social Security Act. Plaintiff's claims are
based upon her contention that she suffers from the following impairments: fibromyalgia,
depression, anxiety, agoraphobia and panic attacks. R. 83. For the reason set forth below,
Plaintiff's Motion for Summary Judgment [Doc. #9] is granted and Defendant's Motion for
Summary Judgment [Doc. #11] is denied.

For purposes of this Memorandum Opinion, it is necessary only to address the issue of
whether the ALJ properly discharged his heightened duty to develop the record and hold a full
and fair hearing with respect to this plaintiff, Wendy Sloss, who appeared before the ALJ *pro se*.
Plaintiff argues that the ALJ did not do so because he did not request medical evidence from the
Regional Counseling Center, Dr. Romero, Dr. Fontaine, Dr. Harris, Dr. Bisnett, Dr. Woods, Dr.
Brooks, Dr. Hassan and Dr. McLaughlin, medical providers referenced in the evidence of record
that was available to the ALJ. Plaintiff's Supporting Brief, p. 18 (internal citations to record

omitted). In response, the Commissioner argues that the ALJ has sufficient evidence before him to make an informed decision and therefore, he did not err in developing the record." Defendant's Supporting Brief, p. 12.

Our appellate court has explained the role of an ALJ where, as was the case here, a claimant is not represented by counsel at the hearing before the ALJ: "[a]n ALJ owes a duty to a *pro se* claimant to help him or her develop the administrative record. 'When a claimant appears at a hearing without counsel, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts"'." Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003) (internal citations omitted). See also Sanchez v. Commissioner of Social Security, 2008 WL 821073, * 2 (3rd Cir. March 28, 2008) ("[w]hen a claimant is unrepresented, the ALJ has an enhanced duty to develop the record and hold a full and fair hearing."). With this mandate in mind, we turn to the facts of this case relevant to our inquiry.

Prior to the ALJ hearing being held, the ALJ sent Ms. Sloss a "Notice of Hearing" that explained in part: (1) "[i]f there is more evidence you want to submit, get it to me right away. If you cannot get the evidence to me before the hearing, bring it to the hearing. If you want to see your file before the date of the hearing, call this office;" and (2) [at the hearing] you (and your representative) may submit documents. . . ." R. 33. At the hearing, the ALJ asked Plaintiff if she had documentation with her that she wanted to be made part of the record other than the medical assessment that had been provided by Dr. Chesar, to which Plaintiff replied that the doctors' offices all said that the ALJ would contact them for the needed documentation. R. 190. The ALJ then queried who did Plaintiff ask for medical records. R. 190. Plaintiff replied Dr. McLaughlin, Dr. Chesar, and her new counselor, Jody, at Paoletta Psychiatric Services. R. 190-191. The ALJ

2

then told Plaintiff that after the hearing was over she would be given waiver forms to sign and that she would need to tell the ALJ where to send for the records, and that they would request those records. R. 191. See also R. 216 ("As I indicated to you, I'm going to have you stay and prepare a couple of forms so that we can get some additional medical records from your medical providers. Then when I get those, I will review the record in its entirety before I make my decision."). Following the hearing, on April 12, 2007, the ALJ attempted to obtain records from Thomas Chesar., M.D., Paoletta Psychological Services and James McLaughlin, O.D. R. 151, 177, and 181. In response to these requests, the ALJ received medical records from Dr. Chesar and Paoletta Psychological Services. R. 152-176, 178-180. The ALJ did not receive any documentation from Dr. McLaughlin. See R. 180 (June 29, 2007 Report of Contact noting that Dr. McLaughlin had not provided any response to the ALJ's request).

For some reason, however, the ALJ did not attempt to obtain records from the Regional Counseling Center even though during the course of the ALJ hearing, Ms. Sloss also noted that she had been treated at the Regional Counseling Center. See R. 197 ("I was going to the Regional Counseling Center, and I was always made to feel like a number instead of a person, and it was just uncomfortable going there."). This is not the only time in the Record when Plaintiff's treatment at the Regional Counseling Center is discussed. This treatment also is noted by consultative psychologist Robert P. Craig, Ph.D. in his March 25, 2005 report on Plaintiff. *See* R. 128 ("[s]he noted that she has never been hospitalized but she did note that she has been in counseling at the Regional Counseling Center for about a year. She notes she used to go but now is trying to get back into the Counseling Center."). Plaintiff also had indicated on an undated Disability Report that she was being seen by Tina Bloom, MS, of the Regional Counseling

3

Center, 815 Grandview Dr., Oil City, PA 16301, 814-676-5614. R. 85. Plaintiff further stated on the Report that she had first been seen by Ms. Bloom on July 27, 2004, that her last visit was on October 28, 2004 and that her next appointment was on November 5. R. 85. The reason listed by Plaintiff for her visits with Ms. Bloom was "counseling because of depression, anxiety, agoraphobia, and panic attacks," several of the impairments upon which Ms. Sloss bases her claims for DIB and SSI benefits. R. 85.

Additionally, although in filing her request for a hearing before the ALJ, Ms. Sloss stated that she wanted a hearing in part because: "I feel the determination was made without all of the necessary information. According to the notice I received, my psychiatrist wasn't even used as a source of information," the ALJ never asked Plaintiff who was this psychiatrist. *See* R. 43.

After careful review of the record, the Court finds that under the specific facts of this case, the ALJ did not satisfy his enhanced duty to develop the record and hold a full and fair hearing given Ms. Sloss's unrepresented status. In particular, we find that the ALJ failed to satisfy this duty when he failed to seek the records from the Regional Counseling Center, a medical provider that was listed by Plaintiff in her initial paperwork submitted with respect to her claims, was specifically discussed by Plaintiff at the ALJ hearing, and whose treatment of Plaintiff was noted by Dr. Craig in his consultative report. The ALJ also erred by not inquiring of the Plaintiff who was the psychiatrist she referenced in her request for a hearing before the ALJ and attempting to obtain medical records from this psychiatrist if deemed relevant. Had the ALJ sought out these records, he would not have reached the apparently erroneous conclusion that "[i]n May 2007, just prior to the hearing, the claimant sought mental health treatment, the first time documented in [the] record that she did so." R. 24. See also R. 18 ("Although she alleged . .

4

. past professional mental health treatment, there is no objective medical evidence in record to support this [allegation]. . . . While she also reported trying to get back into counseling, there is no objective evidence in record to support this and no documented evidence of the claimant seeking or receiving any professional mental health treatment until May 2007, over two years later and just prior to the disability hearing."). In so holding, the Court emphasizes that when faced with an unrepresented claimant, an ALJ need not, as Plaintiff suggests, contact every medical source mentioned in a claimant's record to fulfill the heightened duties owed to the unrepresented claimant.

For the above stated reason, Plaintiff's motion for summary judgment is granted. The decision of the Commissioner denying Plaintiff's claims for DIB and SSI benefits is reversed and this matter is remanded back to the Commissioner for further consideration of Plaintiff's DIB and SSI claims consistent with this opinion. Defendant's motion for summary judgment is denied.

June 9, 2008.

Maurice B. Cohill, Jr.

Maurice B. Cohill, Jr.
Senior District Court Judge

5